UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GREGORY R. RAIFMAN and SUSAN RAIFMAN, husband and wife, individually and on behalf of their marital community and as Trustees of the RAIFMAN FAMILY REVOCABLE INTERVIVOS TRUST and as beneficiaries of the PALLADIAN TRUST; GEKKO HOLDINGS, LLC, and HELICON INVESTMENTS, LTD., <br><br> Plaintiffs, <br><br> vs. <br><br> WACHOVIA SECURITIES, LLC, N/K/A WELLS FARGO ADVISORS, LLC; GEORGE GORDON, III, individually; and ROBERT EDDY, individually, <br><br> Defendants. | Case No: C 11-02885 SBA <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND; AND DENYING MOTION TO DISMISS** <br><br> Docket 12, 36, 53. |

On April 1, 2011, Plaintiffs Gregory and Susan Raifman, Gekko Holdings, LLC, and Helicon Investments, Ltd. (collectively, "Plaintiffs") filed the instant action in the Superior Court of California, County of Alameda, alleging seven causes of action predicated on state law. Compl., Dkt. 1. On June 6, 2011, the action was removed to this Court on the basis of diversity jurisdiction. Notice of Removal, Dkt. 1. The parties are presently before the Court on Defendants Wachovia Securities, LLC, n/k/a Wells Fargo Advisors, LLC, and George Gordon, III's (collectively, "Defendants") motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 12. Also before the Court is Plaintiffs' motion for leave to file an amended complaint under Rule 15 of the Federal Rules of Civil Procedure. Dkt. 36. Having read and considered the papers filed in connection with these matters and being fully informed, the Court hereby GRANTS IN PART AND DENIES IN

PART the motion for leave to file an amended complaint, and DENIES the motion to dismiss as MOOT, for the reasons stated below. The Court, in its discretion, finds these matters suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. DISCUSSION

Plaintiffs move for leave to amend their complaint under Rule 15(a) to provide "the parties and the Court an enhanced roadmap of Plaintiffs' allegations and claims." Plaintiffs also seek leave to add a negligence claim against Wells Fargo Bank, Ltd. ("Wells Fargo"), the successor in interest to Wachovia Bank Corporation and Wheat First Union Bank. Thus, Plaintiffs' motion not only seeks leave to amend the allegations pled in the original complaint but also seeks leave to add a claim against a previously unnamed Defendant. While Plaintiffs' request for leave to amend the allegations pled in the original complaint is governed by Rule 15(a), Plaintiffs' request for leave to add a negligence claim against Wells Fargo, a California citizen[1] whose presence in this action would destroy diversity and require remand, is governed by 28 U.S.C. § 1447(e).

### A. Leave to Amend Under Rule 15

#### 1. Legal Standard

A party may amend its pleading once as a matter of course within: (1) 21 days after serving it, or (2) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed.R.Civ.P. 15(a)(1).[2] "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."

---

[1] The Proposed First Amended Complaint ("PFAC") alleges that Wells Fargo is headquartered in San Francisco. PFAC ¶ 7, Dkt. 37-1. Because Plaintiffs Gregory and Susan Raifman are California citizens, id. ¶ 1, the addition of Wells Fargo to this action would destroy diversity, i.e., subject matter jurisdiction.

[2] Here, because Plaintiffs filed their motion for leave to amend more than 21 days after Defendants filed their motion to dismiss under Rule (12)(b)(6), and because Defendants do not consent to amendment of the complaint, Plaintiffs cannot file an amended complaint without leave of Court.

Fed.R.Civ.P. 15(a)(2). The court should freely grant leave when justice so requires. Id. "This policy is to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation marks omitted).

The United States Supreme Court has identified the following factors a district court should consider in deciding whether to grant leave to amend:

> In the absence of any apparent or declared reason - such as undue delay, bad faith dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be 'freely given.'

Foman v. Davis, 371 U.S. 178, 182 (1962).

Not all of the factors merit equal weight; it is the consideration of prejudice to the opposing party that carries the greatest weight. Eminence Capital, 316 F.3d at 1052 ("'Prejudice is the 'touchstone of the inquiry under rule 15(a).' "). Prejudice must be substantial to justify denial of leave to amend. Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." Eminence Capital, 316 F.3d at 1052 (emphasis in original).

The party opposing the amendment carries the burden of showing why leave to amend should not be granted. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). The decision to grant or deny a request for leave to amend rests in the discretion of the trial court. See California v. Neville Chem. Co., 358 F.3d 661, 673 (9th Cir. 2004).

### 2. Analysis

Here, Defendants do not contend that Plaintiffs' motion to amend the allegations pled in the original complaint would result in undue prejudice to Defendants or that Plaintiffs have acted in bad faith by seeking leave to amend. Instead, Defendants contend that leave to amend should not be granted because the proposed amendment complaint is futile and untimely.

### a. Futility

Defendants' primary argument in opposition to the motion for leave to amend is futility. Specifically, Defendants argue that amendment is futile because: (1) the "Cathcart Letter" does not support Plaintiffs' amended claims; (2) the proposed amended complaint is an impermissible "shotgun pleading" that does not comply with the pleading standard under Rule 8 of the Federal Rules of Civil Procedure; and (3) Plaintiffs' claims are barred by the applicable statutes of limitations under Virginia law. "A motion for leave to amend may be denied if it appears to be futile or legally insufficient." Miller v. Rykoff–Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Id. A proposed amended complaint is futile if it would be immediately subject to dismissal. Nordyke v. King, 644 F.3d 776, 788 n. 12 (9th Cir. 2011). Thus, the proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6). Id.

Here, because Defendants have not demonstrated that the proposed amendment is futile, the futility of amendment Foman factor does not weigh in favor of denying Plaintiffs' request for leave to amend. As for the futility arguments regarding the "Cathcart Letter" and Defendants' claim that the proposed amended complaint is an "impermissible shotgun pleading," Defendants' opposition lacks citation to authority and legal analysis demonstrating that the claims alleged in the proposed amended complaint are legally insufficient as a matter of law.

For instance, while Defendants contend that the "Cathcart Letter" does not support Plaintiffs' amended claims and that Plaintiffs have mischaracterized the contents of the letter, Defendants have failed to provide argument demonstrating that any claim alleged in the proposed amended complaint would immediately be subject to dismissal. Similarly, while Defendants contend that the proposed amended complaint does not satisfy the pleading standard under Rule 8 because it is "a jumbled mess, a shotgun pleading that

suffers from the same deficiencies previously noted (as well as some new ones)," Defendants have failed to demonstrate that any of the claims alleged in the proposed amended complaint would immediately be subject to dismissal.  Indeed, Defendants' less than one-page conclusory argument is woefully inadequate to demonstrate that leave to amend should be denied for failure to comply with Rule 8.  In short, Defendants have failed to present adequate argument regarding the "Cathcart Letter" and their claim that the proposed amended complaint is an "impermissible shotgun pleading" to enable the Court to render an informed decision on these issues.  It is not the role of the Court to make Defendants' arguments for them.  See Indep. Towers of Wash. v. Wash., 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court.").

As for Defendants' statute of limitations argument, the Court finds that Defendants have failed to demonstrate that any of the claims alleged in the proposed amended complaint is barred by the applicable statute of limitations.  While Defendants contend that Plaintiffs' claims are barred by "the applicable statutes of limitation under Virginia law," Defendants' brief is devoid of legal analysis demonstrating that the claims alleged in the proposed amended complaint are governed by Virginia law, let alone that the claims are time-barred under Virginia law.  Instead, Defendants direct the Court to arguments made in their moving and reply papers filed in connection with their previously filed motion to dismiss the complaint.

It wholly improper for a party to incorporate by reference legal arguments made in briefs filed in connection with a motion that is not before the Court.  Allowing litigants to engage in such conduct would provide an effective means of circumventing page limits on briefs set forth in the Civil Local Rules and this Court's Civil Standing Orders.  The Court therefore declines to consider the arguments that Defendants improperly seek to incorporate by reference.  This Court only considers arguments that are specifically and distinctively raised by the parties in their briefs.  See Indep. Towers of Wash., 350 F.3d at 929 (noting that courts need not consider arguments that were not actually made in a party's brief).

**1**

      **b.**   **Undue Delay**

**2**   Defendants contend that leave to amend should be denied because Plaintiffs have

**3** been dilatory in seeking to add facts that were known to Plaintiffs at the time they filed this

**4** action. Notably, however, Defendants do not identify any prejudice occasioned by this

**5** delay. Plaintiffs, for their part, have not given a reason for the approximately 7-month

**6** delay in seeking leave to amend. However, even assuming that Plaintiffs have unduly

**7** delayed in seeking to amend the complaint, delay, by itself, is insufficient to justify denial

**8** of leave to amend. See DCD, 833 F.2d at 186.

**9**       **c.**   **Conclusion**

**10**   In view of the extreme liberality with which the Court must view a motion for leave

**11** to amend, the Court concludes that Defendants have failed to sustain their burden to show

**12** that leave to amend should be denied under the Foman factors. Defendants do not argue

**13** that prejudice, which is the "touchstone" of the inquiry under Rule 15(a), would result if

**14** leave to amend is granted. Nor did Defendants argue that Plaintiffs have acted in bad faith

**15** by requesting leave to amend. Further, Defendants did not make a strong showing with

**16** respect to the other Foman factors (i.e., futility of amendment, undue delay) to overcome

**17** the presumption under Rule 15(a) in favor of granting leave to amend. Accordingly,

**18** Plaintiffs' motion for leave to amend is GRANTED. Plaintiffs are granted leave to file the

**19** proposed amended complaint, subject to the limitation set forth below.

**20**   **B.**   **Joinder Under 28 U.S.C. § 1447(e).**

**21**   When a plaintiff seeks to add a non-diverse defendant to an action removed on the

**22** basis of diversity jurisdiction, joinder is governed by 28 U.S.C. § 1447(e). See Clinco v.

**23** Roberts, 41 F.Supp.2d 1080, 1086-1087 (C.D. Cal. 1999); see also Larry O. Crother, Inc. v.

**24** Lexington Ins. Co., 2011 WL 2259113, at *2 (E.D. Cal. 2011); Chan v. Bucephalus

**25** Alternative Energy Group, LLC, 2009 WL 1108744, at * 3 (N.D. Cal. 2009). That section

**26** provides: "If after removal the plaintiff seeks to join additional defendants whose joinder

**27** would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and

**28** remand the action to the state court." 28 U.S.C. § 1447(e). The decision of whether to

permit joinder is a matter left to the discretion of the district court.  See Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998).

The Court's discretion under section 1447(e) is guided by consideration of the following factors:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

IBC Aviation Servs. v. Compania Mexicana De Aviacion, S.A. de C.V., 125 F.Supp.2d 1008, 1011 (N.D. Cal. 2000).  Not all factors must be considered.  See Righetti v. Shell Oil Co., 711 F.Supp. 531, 534-535 (N.D. Cal. 1989) (allowing joinder under section 1447(e) where motion was timely, plaintiff had stated a "facially legitimate claim" against the non-diverse defendant and no prejudice would result to defendant from the joinder).  If the Court permits joinder of a non-diverse defendant under this provision, the Court must remand the action to state court.  28 U.S.C. § 1447(e).

Here, Plaintiffs incorrectly argue that the liberal policy of Rule 15(a) governs the joinder of Wells Fargo, a non-diverse defendant.  See Greer v. Lockheed Martin, 2010 WL 3168408, at *4 (N.D. Cal. 2010) ("[T]he permissive amendment under Rule 15(a) does not apply when a plaintiff amends her complaint after removal to add a diversity destroying defendant.") (citing cases); see also Hardin v. Wal-Mart Stores, Inc., 813 F.Supp.2d 1167, 1173 (E.D. Cal. 2011) (a plaintiff may not circumvent § 1447(e) by relying on Rule 15(a) to join a non-diverse party); Clinco, 41 F.Supp.2d at 1086-1087 (same).  Thus, because Plaintiffs have failed to analyze the factors that district courts consider in evaluating a request to join a non-diverse defendant after removal, they failed to demonstrate that joinder of Wells Fargo is appropriate under § 1447(e).  Accordingly, Plaintiffs' request for leave to join Wells Fargo as a Defendant is DENIED without prejudice.

///

### C. Motion to Dismiss Under Rule 12(b)(6)

In light of the ruling on the motion for leave to amend the complaint, Defendants' motion to dismiss under Rule 12(b)(6) is DENIED as MOOT.

## II. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiffs' motion for leave to amend the complaint is GRANTED IN PART AND DENIED IN PART. Plaintiffs' request to add Wells Fargo as a Defendant is denied without prejudice. Plaintiffs are granted leave to file the proposed amended complaint so long as they remove the allegations pertaining to Wells Fargo. Plaintiffs may file an amended complaint consistent with this Order no later than fourteen (14) days from the date this Order is filed.

2. Defendants' motion to dismiss is DENIED as MOOT.

3. This Order terminates Docket 12, 36, 53.

IT IS SO ORDERED.

Dated: 5/7/12

                                              SAUNDRA BROWN ARMSTRONG
                                              United States District Judge