UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GREGORY R. RAIFMAN and SUSAN RAIFMAN, husband and wife, individually and on behalf of their marital community and as Trustees of the RAIFMAN FAMILY REVOCABLE INTERVIVOS TRUST and as beneficiaries of the PALLADIAN TRUST; GEKKO HOLDINGS, LLC, and HELICON INVESTMENTS, LTD., <br><br> Plaintiffs, <br><br> vs. <br><br> WACHOVIA SECURITIES, LLC, N/K/A WELLS FARGO ADVISORS, LLC, <br><br> Defendant. | Case No: C 11-02885 SBA <br><br> **ORDER DENYING MOTION TO DISMISS** <br><br> Docket 74 |

The parties are presently before the Court on Defendant's motion to dismiss the first amended complaint ("FAC") under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 74. Plaintiffs oppose the motion. Dkt. 85. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES Defendant's motion, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.  **DISCUSSION**

Defendant moves to dismiss all seven claims alleged in the FAC on the ground that each of the claims is barred by the applicable statutes of limitations and on the ground that the FAC fails to allege sufficient facts to state a claim upon which relief can be granted. Dkt. 74. According to Defendant, the substantive law of Virginia applies to the claims

alleged in the FAC.  Id.  In response, Plaintiffs argue, among other things, that Defendant's motion should be treated as a motion for summary judgment, the substantive law of California law applies to the claims alleged in the FAC, and that the FAC pleads sufficient facts to state cognizable claims under California law.  Dkt. 85.

The instant motion does not comply with the meet and confer requirement set forth in this Court's Standing Orders, which provides:

> All parties shall meet and confer before filing any motion before the Court. The motion and any other non-stipulated request shall include a certification, which may be included in the body of the document, that the parties have complied with the meet and confer requirement.  The Court may disregard any papers submitted that do not comply with this rule.

See Civil Standing Orders ¶ 5.

The parties have failed to comply with this requirement, which is essential to the parties' representation that there is a dispute which requires the Court's resolution.  Until such time as the parties have met and conferred to discuss the issues, it is premature to conclude that there exists a dispute necessitating the Court's intervention.  The meet and confer requirement is essential to conserving the limited time and resources of the Court and the parties by obviating the filing of unnecessary motions.  Had the parties met and conferred as required, they may have been able to resolve some or all of the various issues presented in Defendant's motion.  "The purpose of the [meet and confer] requirement is to encourage settlement, resolve disputes which need not involve the Court, and avoid unnecessary litigation, thus saving the parties', the Court's, and the taxpayers' limited time, money, and resources."  See Wong v. Astrue, 2008 WL 4167507, at *2 (N.D. Cal. 2008) (Armstrong, J.).

Indeed, after the instant motion was filed, Plaintiffs filed a motion for leave to file a second amended complaint ("SAC").  Dkt. 103.  The proposed SAC eliminates five of the seven claims alleged in the FAC.  Id.  If the parties had met and conferred prior to the filing of the instant motion, they could have saved time, money and aggravation by stipulating to the filing of a SAC that omitted these claims.  See Wong, 2008 WL 4167507, at *2 (noting that "it is the rare motion to dismiss which is granted without leave to amend.  Thus,

meeting and conferring can be an invaluable method for streamlining a complaint and the issues for litigation, without resort to the Court's processes, saving the parties' time, money, and aggravation.").

Accordingly, because the parties did not meet and confer on the issues presented by the instant motion, Defendant's motion to dismiss is DENIED.  It is incumbent upon litigants before this Court to familiarize themselves not only with the Local Rules, but also with this Court's Standing Orders.  There is simply no excuse for the parties' failure to comply with the meet and confer requirement set forth in this Court's Standing Orders.  The Court also notes that there is no excuse for Plaintiffs' wholly improper attempt to circumvent the page limits on briefs set forth in the Local Rules and this Court's Standing Orders by filing a 40-page "table" that "summarizes" the facts in which Plaintiffs assert support their claims for relief.  This Court's Standing Orders expressly provide that any brief filed "in an improper manner or form, shall not be received or considered by the Court."  Civil Standing Orders at 4.  The parties are warned that the Court will strike any future documents filed with the Court that do not comply with this Court's Standing Orders or the Local Rules.  The parties are also warned that any future transgressions of the Court's Standing Orders or the Local Rules may result in the imposition of sanctions.  See id.

## II.     CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.     Defendant's motion to dismiss is DENIED.

2.     The parties shall meet and confer in person or by telephone prior to filing any future motions.  The parties shall meet and confer in good faith in an attempt to resolve or narrow the issues presented in such a motion.  The parties shall certify in writing that they have done so, as required by this Court's Standing Orders.

3.     This order terminates Docket 74.

IT IS SO ORDERED.

Dated:  3/11/13

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28