UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GREGORY R. RAIFMAN and SUSAN RAIFMAN, husband and wife, individually and on behalf of their marital community and as Trustees of the RAIFMAN FAMILY REVOCABLE INTERVIVOS TRUST and as beneficiaries of the PALLADIAN TRUST; GEKKO HOLDINGS, LLC, and HELICON INVESTMENTS, LTD., <br><br> Plaintiffs, <br><br> vs. <br><br> WACHOVIA SECURITIES, LLC, N/K/A WELLS FARGO ADVISORS, LLC, <br><br> Defendant. | Case No: C 11-02885 SBA <br><br> **ORDER** <br><br> Docket 139, 141, 144, 145 |

The parties are presently before the Court on Plaintiffs' Unopposed Motion to File Amendment to Second Amended Complaint by Interlineation under Rule 15 of the Federal Rules of Civil Procedure. Dkt. 144. Plaintiffs offer no authority in support of amending the second amended complaint by interlineation. Rule 15 permits a party to amend or supplement a pleading. See Fed.R.Civ.P. 15. "Amended pleadings relate to matters that occurred prior to the filing of the original pleading and entirely replace the earlier pleading. Supplemental pleadings deal with events subsequent to the pleading to be altered and represent additions to or continuations of the earlier pleadings." Brook v. Sing, 2012 WL 78417, at *1 n. 1 (E.D. Cal. 2012) (citing Wright, Miller & Kane, Federal Practice & Procedure, Chp. 4, § 1504 (3d ed.) (2011)); Frederick v. California Dept. of Corrections and Rehabilitation, 2012 WL 2077305, at *1 (N.D. Cal. 2012).

In the instant motion, Plaintiffs do not seek to supplement their pleading by adding facts relating to events taking place after the filing of the second amended complaint.

| | |
|---|---|
| 1 | Instead, they seek to file an amended complaint under Rule 15(a)(2).  As such, the Court |
| 2 | construes Plaintiffs' motion as a motion to file a third amended complaint.  Under Rule 15 |
| 3 | (a)(2), "a party may amend its pleading only with the opposing party's written consent or |
| 4 | the Court's leave.  The court should freely give leave when justice so requires." |
| 5 | Fed.R.Civ.P. 15(a)(2).  "This policy is to be applied with extreme liberality."  Eminence |
| 6 | Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003).  Here, because |
| 7 | Plaintiffs have obtained Defendant's written consent to amend the second amended |
| 8 | complaint, the Court GRANTS Plaintiffs' motion.  Plaintiffs shall file a third amended |
| 9 | complaint no later than seven (7) days from the date this Order is filed.  Because an |
| 10 | amended complaint supersedes the previously filed complaint in its entirety, see Forsyth v. |
| 11 | Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997), overruled in part on other grounds, |
| 12 | Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012) (en banc), Defendant's motion to |
| 13 | strike the second amended complaint, Dkt. 139, and motion to dismiss the second amended |
| 14 | complaint, Dkt. 141, are DENIED as MOOT.  This Order terminates Docket 139, Docket |
| 15 | 141, Docket 144, and Docket 145. |
| 16 |     IT IS SO ORDERED. |
| 17 | Dated:  4/29/13 |
| 18 |                                                                                                           SAUNDRA BROWN ARMSTRONG<br>United States District Judge |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |